## Case No. 5,991.

### HAMILTON v. SIMONS et al.

#### [5 Biss. 77.] [1]

Circuit Court, N. D. Illinois. May, 1869.

AVOIDING INJUNCTION—ADVICE OF COUNSEL.

1. Where an injunction has been issued restraining a defendant from using patented parts of a machine, he is not at liberty to leave off certain parts selected by himself as infringements, and continue the use of the remainder of the machine; the proper course is for him to take the judgment of the court in the matter.

[Cited in Bate Refrigerating Co. v. Gillett, 30 Fed. 685.]

2. Advice of counsel is not a sufficient justification, and counsel should not take such a responsibility.

[This was a bill in equity by John Hamilton against Simons and Sample, upon which an injunction was issued restraining the defendants from selling a certain machine covered by patents Nos. 17,916 and 20,324. An attachment for contempt was issued against defendants, who now move for an order discharging them from the attachment, alleging that the machines sold since the injunction were without the parts covered by the said patents.]

R. H. Forrester, for plaintiff.

Hitchcock, Dupee & Evarts, for defendants.

DRUMMOND, District Judge. I do not consider it necessary, in this case, to go into the history or details of the question argued on the motion.

An application was made to the court for an attachment against the defendants on the ground that they had violated the injunction issued by the court, and the defendants, admitting that they had sold the apparatus which was claimed by the plaintiff, contend that since the issuing of the injunction they had left off all the material parts covered by the Carpenter patent.

Whatever may be true in relation to the patent of May 25, 1858 [No. 20,324], still there is a question connected with the patent of August 4, 1857 [No. 17,916], upon which it was claimed the patent of 1858 was an improvement, and which is not affected by these changes which have been made in the apparatus of the defendants since the issuing of the injunction. It is a very material

question, and of such a character that the court cannot say but that the defendants may have violated the injunction, because if we concede that they have left off what was claimed in the patent of 1858, since the issuing of the injunction, there is another question behind. I will only concede it for the purpose of argument. It is clear to me that the defendants had no right under the circumstances of the case to take the responsibility of disobeying the injunction simply because they left off certain improvements covered by the patent of 1858. The true course for them was either to come into court and ask for a dissolution of the injunction, or to ask for security from the plaintiff if it is a doubtful case. It is a very serious responsibility, where an injunction is issued against a party, restraining him from using any parts of a machine covered by a patent, to leave off certain parts and then take for granted that he is not infringing the patent, and is not violating the injunction. This was done by the defendants under the advice of counsel, but it was advice which I think counsel had no right to give. It is the duty of the counsel to ask for the judgment of the court in such a case, and not take the responsibility of telling his client that he can go on and disregard the injunction.

It seems to be a clear case, where the defendants had no right, in the absence of any action on the part of the court, to go on and dispose of this machine in the way they have done. Unless it is insisted by the counsel for the plaintiff, I shall not feel inclined to punish these men unless they continue violating the injunction, but the order of the court will be that the motion interposed by the defendants to discharge them from the attachment will be overruled. I shall not discharge them. I shall simply decline, under the circumstances, to punish them at present.

HAMILTON (STARR v.). See Case No. 13,314.

HAMILTON (STEDMAN v.). See Case No. 13,343.

HAMILTON (STEVENSON v.). See Case No. 13,415.

HAMILTON (STEWART v.). See Case No. 13,429.

HAMILTON (THISTLE v.). See Case No. 13,884.

HAMILTON v. TODD. See Case No. 5,988.

HAMILTON (UNITED STATES v.). See Cases Nos. 15,288–15,291.

HAMILTON COUNTY (COOK v.). See Cases Nos. 3,157 and 3,158.

HAMILTON COUNTY (JACOBS v.). See Case No. 7,161.

HAMILTON MANUF'G CO. (BADISCHE ANILIN & SODA FABRIK v.). See Case No. 721.

HAMILTON, The M. M. See Case No. 9,685.

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]